IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 15-00248-KD-N |
| | ) |
| TRAVIS GOINS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Travis Goins' motion for "immediate release due to the Corona Virus outbreak" which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)[1] (doc. 58) and the United States' response (doc. 61). Upon consideration, and for the reasons set forth herein, the motion for compassionate release is dismissed without prejudice.

I. Background

In 2016, Goins pleaded guilty to Count 1 of the Indictment charging possession of a firearm by a prohibited person. On July 14, 2016, he was sentenced to serve 33 months (doc. 28).[2] Goins was released in 2018. However, his term of supervised release was revoked and Goins was sentenced to 60 days (doc. 43). Goins was released again in 2019. However, his term of supervised

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[2] The conduct underlying his felon in possession conviction includes threatening his mother with a shotgun.

release was again revoked and he was sentenced to 12 months (doc. 57).[3]  At present, Goins is serving this sentence.  His estimated release date is August 27, 2020.

      Goins now moves the Court for early release from his sentence.  Goins argues that he is at increased risk of contracting Covid 19 because he is incarcerated among "crowds of people in the facility" (doc. 58, p. 1).  Goins argues that he is "already dying of A.I.D.S." and his life is over if he gets infected with Covid 19.  (Id.).  He moves the Court to release him so that he can be with his family.

      II. Exhaustion

      In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" upon finding that there are extraordinary and compelling reasons which warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

      Goins does not allege that he exhausted his administrative remedies or that his Warden has received a request for compassionate release.  The United States reports that as of May 1, 2020, the Bureau of Prisons had not received a request from Goins (doc. 61, p. 8).  In view of the foregoing, the United States argues that the Court lacks jurisdiction to consider the motion (doc. 61 p. 9-20).

      Since Goins failed to comply with either of the two statutory requirements, the Court finds that he has not met the necessary prerequisites for consideration of his motion. Accordingly, Goins' motion is due to be dismissed without prejudice for lack of jurisdiction.

---

[3] The conduct underlying his last revocation included pulling a knife on his mother after he

### III. Compassionate release

However, even assuming that Goins met the statutory prerequisite, he is not entitled to compassionate release. Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, - - - Fed. Appx. - - -, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

"Extraordinary and compelling" reasons are not defined in the statute. Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

---

demanded money from her.

Before the First Step Act, the Sentencing Commission promulgated the following policy statement:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.[4]

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons to consider reduction of a sentence under § 3582(c)(1)(A). The defendant's physical, mental, or medical condition may qualify if certain criteria are met. U.S.S.G. § 1B1.13 cmt. n. 1(A). Specifically, if the

> i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,

---

[4] Subparagraph(B) provides for consideration of compassionate release if "[t]he defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned[.]" Since Goins is 38 years old, this statute cannot apply to him.

>> (II) suffering from a serious functional or cognitive impairment, or
>
>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. §1B1.13 cmt. n. 1(A).

Goins alleges that he is "dying of AIDS" (doc. 58). The Presentence Investigation Report indicates that Goins was diagnosed in 2006 and received treatment for his illness (doc. 25). Goins' disease may fall within the criteria of Application Note A, if he shows that his illness is a "serious and advanced illness with an end of life trajectory" or that he has a "specific prognosis of life expectancy". U.S.S.G. §1B1.13 cmt. n. 1(A). However, Goins does not provide any evidence whether he has been given an "end of life trajectory" or a "specific prognosis of life expectancy" U.S.S.G. §1B1.13 cmt. n. 1(A). Goins may show that he is "suffering from a serious physical or medical condition . . . that substantially diminishes" his ability to provide self-care in the correctional facility. U.S.S.G. §1B1.13 cmt. n. 1(A). [5] But he has not provided any evidence that AIDS precludes his ability to care for himself in the prison-setting.

The district court may consider the "Age of the Defendant." U.S.S.G. § 1B1.13 cmt. n.1(B). Specifically, whether the "defendant (i) is at least 65 years old); (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least

---

[5] Goins does not allege that he has serious functional or cognitive impairment, or that he is experiencing deteriorating physical or mental health because of the aging process such that he cannot care for himself in prison. U.S.S.G. §1B1.13 cmt. n. 1(A). The Bureau of Prison's Program Statement No. 5050.50 addressing "Compassionate Release/Reduction in Sentence" Procedures for Implementation of 18 U.S.C. §§ 3582 and 42059g)" identified a "Debilitated Medical Condition" and states that a reduction in sentence "consideration may also be given to inmates who have an incurable, progressive illness or who have suffered a debilitating injury from which they will not recover. The BOP should consider a RIS if the inmate is: Completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair; or Capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours."

10 years or 75 percent of his or her term of imprisonment, whichever is less." Id., cmt. n. 1(B). Since Goins is 38 years old, he does not fall within the parameters of this example.

The district court may consider Goins' "Family Circumstances." Id., at cmt. n. (1)(C). Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" and "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.". Id. Goins does not indicate whether he has minor children or an incapacitated spouse or partner and does not raise any argument that their incapacitation is an extraordinary or compelling reason for a sentence reduction (doc. 58).

Last, the district court may consider "Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id., cmt. n. (1)(D). Since Goins does not appear to fall within the parameters of (A) through (C), his request may fall under subparagraph (D).

In its present version, subparagraph (D) "leaves identification of other 'extraordinary and compelling reason[s]' to the Director of the Bureau of Prisons." United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at * 3 (D. Me. July 11, 2019).  But now that the First Step Act allows the inmate to file for compassionate release without the BOP's support, it is unclear what "other" reasons can be relied upon for compassionate release.  However, the Court finds that until the Sentencing Commission amends its Policy Statement "those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." United States v. Fox, 2019 WL 3046086, at *3.

Goins argues that because he has AIDS, he has an increased risk of fatality if he contracts Covid 19. He also argues that because the prison facility is crowded, his risk of contracting Covid-19 is increased. Goins asserts that these reasons provide a basis for immediate release.

The United States argues that Goins has asserted the existence of a medical condition but has not provided sufficient documentation for the Court to consider his claim (doc. 61, p. 24). The United States also argues that Goins has not presented any evidence as to the circumstances of the facility where he is incarcerated (Id., p. 25).

As to his increased risk, the Court acknowledges that the 2016 Presentence Investigation Report indicated that Goins was receiving treatment for a diagnosed chronic illness. The Center for Disease Control and Prevention has indicated that persons with HIV are at increased risk in certain circumstances, stating that

> At the present time, we have no specific information about the risk of COVID-19 in people with HIV. Older adults and people of any age who have a serious underlying medical condition might be at higher risk for severe illness, including people who are immunocompromised. The risk for people with HIV getting very sick is greatest in: People with a low CD4 cell count, and People not on HIV treatment (antiretroviral therapy or ART). People with HIV can also be at increased risk of getting very sick with COVID-19 based on their age and other medical conditions.

What to Know About HIV and COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/hiv.html (Page last reviewed: March 18, 2020). However, Goins has not presented any current evidence with respect to his CD4 cell count, or whether he is taking antiretroviral therapy, or that he has any other underlying medical conditions.

Goins' potential to contract Covid 19 because of crowded living conditions in prison,[6] in combination with his AIDS may be comparable or analogous to the criteria identified in the Policy

---

[6] "The COVID-19 pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice public health precautions that are

Statement.  However, the Court does not have sufficient evidence as to the status of Goins' AIDS upon which to base a finding that his condition in combination with the risk of contracting Covid 19 are compelling and extraordinary reasons for early release.  Moreover, the Bureau of Prisons is in a better position to evaluate the risks.

The United States also argues that factors in 18 U.S.C. § 3553(a) weigh against reduction of Goins' sentence.  Relying upon the offense conduct in the factual resume and information in the Presentence Investigation Report, the United States argues that Goins continued imprisonment is necessary to account for the seriousness of his offense and the need to provide adequate deterrence, "which is self-evident from Goins' criminal history" (doc. 61, p. 25).

As previously stated, the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the Court may reduce the term of imprisonment "after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  After consideration, the relevant factors in 18 U.S.C. § 3553(a) do not weigh in favor of early release.  In addition to the conduct underlying his offense of conviction, Goins' term of supervised release has been revoked twice and he is currently serving his second revocation sentence.  Goins' term of supervised release began on December 6, 2018.  Five months later, in May 2019, a petition for revocation was filed. Goins had not complied with his conditions of release. His supervision was revoked in June 2019 and he was sentenced to 60 days (doc. 43).  In August 2019, soon after release, a petition for revocation was filed.  Again, he failed to comply with conditions of release

---

otherwise available to the general public, such as social distancing practices." United States v Bueno-Sierra, No. 93-CR-00567, 2020 WL 2526501, at *2 (S.D. Fla. May 17, 2020).

and also was arrested and charged with disorderly conduct and public intoxication. His supervision was revoked in October 2019. He is currently serving this sentence.

Based on the foregoing, as well as Goins' criminal history and offense of conviction,[7] Goins has demonstrated a lack of respect for the law and a lack of comprehension of the seriousness of his offenses. Early release would not meet the need for the sentence imposed to "to promote respect for the law", "to provide just punishment for the offense", to "afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B), & (C).

**DONE** and **ORDERED** this 18th day of June 2020.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[7] Among the factors to be considered when imposing a sentence, the Court may consider the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).